## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCIA H. STODDARD<br>1602 Dickens Place<br>Upper Marlboro, MD 20744<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL CHERTOFF, Secretary,<br>U.S. Department of Homeland Security,<br>Washington, D.C. 20528<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Comes now Plaintiff, Marcia H. (Cleveland) Stoddard, by and through counsel, and files this complaint against Defendant Michael Chertoff, Secretary, U.S. Department of Homeland Security.

### Jurisdiction and Venue

1.　　This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. Section 1331 and 42 U.S. C. Section 2000e et seq. (Title VII).

2.　　Venue is proper in this court pursuant to 28 U.S.C. Section 1391(b) in that all or some events or omissions giving rise to Stoddard's claims occurred in this judicial district and Defendant may be found in this judicial district.

### Parties

3.　　Plaintiff Marcia Hughes Stoddard (hereafter "Plaintiff" or "Ms. Stoddard"), an African American female, is employed as a GS-2210-13 Information Technologist Specialist, with the U.S. Immigration and Customs Enforcement in the U.S. Department of Homeland Security.

4.      Defendant Michael Chertoff (hereafter "Defendant") is the Secretary for the U.S. Department of Homeland Security.

## Facts

5.      Ms. (Cleveland) Stoddard is an African American female, fifty years of age and with 32 years of federal service. Ms. Stoddard filed a complaint against the Defendant alleging discrimination in employment based on her race. See Cleveland v. Chertoff Civil Action No. 05-1709 (GK). One of the allegations made by Ms. Stoddard was that for a period of almost two years she was not given any substantive work at the Agency. The parties entered settlement discussions and on December 1, 2006, the parties filed a Stipulation of Settlement and Dismissal. The Settlement Agreement provided, among other things, that Ms. Cleveland would be transferred to an IT Specialist position in the Student and Exchange Visitor Information System Program (SEVIS); that she would receive technical direction from Robert Wilmore; that her first line supervisor would be Paul Martindale and that she would be permitted to telecommute one day each week beginning with her lateral transfer. The Defendant also agreed to provide monetary compensation to Ms. Cleveland and pay her legal fees.

6.      After execution of the Settlement Agreement, Ms. Stoddard was transferred to an IT Specialist position in the Student and Exchange Visitor Information System Program and worked under the supervision of Paul Martindale. Ms. Stoddard immediately informed her new supervisor that pursuant to the Settlement Agreement, she was entitled to telecommute one day each week. Martindale informed Ms. Stoddard that he was aware of the prior EEO complaint and settlement of that complaint. On December 15,

2

2006, Ms. Stoddard was charged nine hours of AWOL when she attempted to telecommute one day as permitted by the Settlement Agreement.

7.     Since December 2006, Ms. Stoddard has not received any SEVIS training and has not received any technical direction from Robert Wilmore. On February 1, 2007, Ms. Stoddard was issued a Letter of Reprimand for being placed on AWOL on December 15, 2006. The Letter of Reprimand has been field in her Official Personnel Folder, also known as e-OPF for two years. In March 2007, all SEVIS work was taken away from Ms. Stoddard and given to Robert Wilmore. On April 2, 2007, Ms. Stoddard notified the Agency that it was in violation of the prior Settlement Agreement. On May 31, 2007, the Agency notified Ms. Stoddard that the district court retained jurisdiction over any claim of breach of the settlement agreement, and she had to file a new EEO complaint for any actions not covered by the settlement agreement. On June 8, 2007, Ms. Stoddard filed a new complaint of discrimination at the Agency. On June 5 and 6, 2007, Ms. Stoddard was charged 18 hours of AWOL after she was subpoenaed for court for June 5 and 6, 2007. On June 21, 2007, Ms. Stoddard was placed on AWOL for 2.25 hours after she called in to inform the Acting Supervisor Eric Simpson that she would be coming in approximately 2 ½ hours late. In June 2007, Ms. Stoddard was required to email her supervisor each work day to inform him what she planned to accomplish that day and email him at the end of each day to advise him what she accomplished that day. On August 7 through August 11, 2007, Ms. Stoddard was suspended from work, for late arrival at a meeting and she was suspended again August 13 through 27 for taking leave for a court appearance, and issued a notice of proposed termination upon her return to work on August 28, 2007 and placed her on administrative leave and barred her from the

premises.   The proposal to remove is because the Agency claims she reported to work

2:25 hours after her official start time on one occasion, she did not provide a daily status

report on two occasions and her supervisor concluded she did not complete enough work

during a three week period.

8.     Defendant has breached material terms of the Settlement Agreement and

retaliated against Ms. Stoddard for filing the prior EEO complaint.

## Breach of Contract

Stoddard incorporates by reference paragraphs one through eight as if fully stated

herein.

9.     The Agency entered into a Settlement Agreement to resolve the prior EEO

complaint.  The Settlement Agreement is a binding contract.  The Agency has breached

material terms of the Settlement Agreement by: 1) charging Ms. Stoddard AWOL for

telecommuting one day in December 2006 when the Settlement Agreement permitted her

to telecommute one day each week; 2) failing to provide her SEVIS training and

technical direction from Robert Wilmore as required by the Settlement Agreement; 3)

removing all SEVIS support and technical work from her and barred her from any

communication with the SEVIS program office and SEVIS contractors when she was

assigned to this program as part of the Settlement Agreement; 4) charging her AWOL

when she was subpoenaed for court in June 5 and 6, 2007 and on June 21, 2007; 5)

treating her differently from other IT Specialists on the SEVIS Program by requiring her

to email her supervisor every morning and evening to inform him what tasks she would

work on each day and all tasks completed each day; 6) imposing two separate

suspensions on her causing hardship and proposing removal for minor work place issues

4

such as arriving at work two hours after her start time; 7) failing to provide notice of any performance deficiencies and an opportunity to correct before proposing removal; and 8) placement on administrative leave and barring her from her place of employment after issuing her a proposal to remove her.

10.    Defendant Agency was aware that damages would necessarily flow from the breach of the Settlement Agreement.

Wherefore, Stoddard requests the court's judgment and requests that the court:

A.    Issue a declaratory judgment that Defendant's practices toward Plaintiff violated the Settlement Agreement;

B.    Enjoin Defendant from removing Ms. Stoddard from her position with the Agency pending a decision in this matter, direct the Agency to return Ms. Stoddard to employment pending a final decision on this matter, and expunge all disciplinary actions from her official personnel file resulting from a breach of the Settlement Agreement;

C.    Grant Ms. Stoddard damages, not to exceed $10,000;

D.    Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

E.    Award Ms. Stoddard such other relief as to which she may be deemed entitled.

Respectfully submitted.

David A. Branch =438764
Law Offices of David A. Branch. PC
1825 Connecticut Avenue. NW =690
Washington. D.C.  20009
(202) 785-2805

**JURY TRIAL DEMAND**

JS-44
Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Marcia H. Stoddard

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Prince George's,
**(EXCEPT IN U.S. PLAINTIFF CASES)**

## DEFENDANTS

Michael Chertoff, Secretary, U.S. Department of Homeland Security

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

David A. Branch
1825 Connecticut Avenue, NW #690
Washington, DC 20009
202.785.2805

Case: 1:07-cv-01643
Assigned To : Kessler, Gladys
Assign. Date : 9/14/2007
Description: TRO/PI

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff
O 3 Federal Question (U.S. Government Not a Party)
◎ 2 U.S. Government Defendant
O 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**◎ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**O E. General Civil (Other)** OR **O F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Breach of Settlement Agreement reached in Civil Action No. 05-1709

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** 10,000 **JURY DEMAND:** | Check YES only if demanded in complaint YES ☒  NO ☐ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☒  NO ☐ | If yes, please complete related case form. |
|---|---|---|---|

DATE 9/14/07    SIGNATURE OF ATTORNEY OF RECORD _____

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.