**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARCIA H. STODDARD** ) | |
| **1602 Dickens Place** ) | |
| **Upper Marlboro, MD 20744** ) | |
|     **Plaintiff,** ) | |
|        ) | |
|    **v.**    ) | **Civil Action No.: 07-1643 (GK)** |
|        ) | |
| **MICHAEL CHERTOFF, Secretary,** ) | |
| **U.S. Department of Homeland Security,** ) | |
| **Washington, D.C. 20528** ) | |
|     **Defendant.** ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED CONSIDERATION AND HEARING ON PLAINTIFF'S COMBINED MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

The Plaintiff Marcia H. Stoddard, by and through her attorneys, hereby moves this Court, pursuant to Rule 65 of the Federal Court Rules of Civil Procedure and submits this Emergency Motion for Expedited Consideration and Hearing on Plaintiff's Combined Motion for a Temporary Restraining Order and a Preliminary Injunction.

Plaintiff Stoddard, an African American female employed as a GS-13 Information Technologist Specialist with the Defendant, with 32 years of federal service, previously filed a complaint of race discrimination with the court which was resolved in December 2006. See Cleveland v. Chertoff Civil Action No. 05-1709 (GK). Ex. B. The key provisions of the Settlement Agreement were that Ms. Cleveland would be transferred to an IT Specialist position in the Student and Exchange Visitor Information System Program (SEVIS); that she would receive technical direction from Robert Wilmore; that her first line supervisor would be Paul

Martindale and that she would be permitted to telecommute one day each week beginning with her lateral transfer. Ex. B at 4-5 (page).

After execution of the Settlement Agreement, Ms. Stoddard was transferred to an IT Specialist position in the Student and Exchange Visitor Information System Program and worked under the supervision of Paul Martindale. Ex. A:3 (paragraph). Ms. Stoddard immediately informed her new supervisor that pursuant to the Settlement Agreement, she was entitled to telecommute one day each week. Martindale informed Ms. Stoddard that he was aware of the prior EEO complaint and settlement of that complaint. On December 15, 2006, Ms. Stoddard was charged nine hours of AWOL when she attempted to telecommute one day as permitted by the Settlement Agreement. Id.; Ex. D.

Since December 2006, Ms. Stoddard has not received any SEVIS training and has not received any technical direction from Robert Wilmore. Id. at 4-5. On February 1, 2007, Ms. Stoddard was issued a Letter of Reprimand for being placed on AWOL on December 15, 2006. Id. The Letter of Reprimand has been field in her Official Personnel Folder, also known as e-OPF for two years. In March 2007, all SEVIS work was taken away from Ms. Stoddard and given to Robert Wilmore. Id. On April 2, 2007, Ms. Stoddard notified the Agency that it was in violation of the prior Settlement Agreement. Id. On May 31, 2007, the Agency notified Ms. Stoddard that the district court retained jurisdiction over any claim of breach of the settlement agreement, and she had to file a new EEO complaint for any actions not covered by the settlement agreement. Id. On June 8, 2007, Ms. Stoddard filed a new complaint of discrimination at the Agency. On June 5 and 6, 2007, Ms. Stoddard was charged 18 hours of AWOL after she was subpoenaed for court for June 5 and 6, 2007. Id. On June 21, 2007, Ms.

Stoddard was placed on AWOL for 2.25 hours after she called in to inform the Acting

Supervisor Eric Simpson that she would be coming in approximately 2 ½ hours late. Id. In June

2007, Ms. Stoddard was required to email her supervisor each work day to inform him what she

planned to accomplish that day and email him at the end of each day to advise him what she

accomplished that day. Id.  On August 7 through August 11, 2007, Ms. Stoddard was suspended

from work, for late arrival at a meeting and she was suspended again August 13 through 27 for

taking leave for a court appearance.  Id.

      Ms. Stoddard was  issued a notice of proposed termination upon her return to work on

August 28, 2007 and placed  on administrative leave and barred her from the premises.  Id. Ex.

C.  The Agency issued Ms. Stoddard a proposal to remove her no less than thirty days after

August 22, 2007.  As noted in the Motion for a Temporary Restraining Order and Preliminary

Injunction, the Agency has breached several provisions of the Settlement Agreement.

      Plaintiff has filed a motion  for a temporary restraining order requesting that the court

restrain the Defendant from removing the Plaintiff from her position as IT Specialist, GS-2210-

13; and direct the Defendant to remove Plaintiff from administrative leave and permit her to

return to work pending the outcome of this matter, and a motion for a preliminary injunction

requesting that the court restrain the Defendant from removing the Plaintiff from her position as

IT Specialist, GS-2210-13 and direct the Defendant to remove Plaintiff from administrative leave

and permit her to return to work pending the outcome of this matter; and restrain the Defendant

from continuing to retaliate against Ms. Stoddard pending the final hearing and determination of

this action.

      Plaintiff requests expedited consideration of this matter because if the court does not

intervene the Agency will remove Ms. Stoddard from 32 years of federal service on September

21, 2007 and she will be irreparably harmed.

Plaintiff advised Agency counsel that this motion would be filed and he did not respond

with his position on this motion before this motion was filed.

Respectfully submitted,

By: _____/s/_____
David A. Branch #438764
Law Office of David A. Branch, P.C.
1825 Connecticut Avenue, NW #690
Washington, D.C.  20009
   (202) 785-2805
Attorney for Plaintiff

### Certificate of Counsel

I hereby certify this 20th day of September 2007, that actual notice of the filing of the
Emergency Motion for Expedited Consideration and Hearing on Plaintiff's  Motion for
Preliminary Injunction and Motion for Temporary Restraining Order at 10:00 am, and the
following pleadings were served, Plaintiff's Complaint, Emergency Motion for Expedited
Consideration and Hearing on Plaintiff's  Motion for Preliminary Injunction and Motion for
Temporary Restraining Order and Order, Plaintiff's  Motion for Preliminary Injunction and
Motion for Temporary Restraining Order and Order, Exhibit A (Plaintiff's Declaration) Exhibit
B (Settlement Agreement), Exhibit C (Notice of Proposed Removal) and Exhibit D (Official
Reprimand for AWOL) was sent electronically to counsel for Defendant listed below:

Jeffrey Taylor, U.S. Attorney District of Columbia
Peter S. Smith, AUSA
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

### Certificate of Service

I hereby certify this 20th day of September 2007, that a copy of the foregoing Plaintiff's

4

Emergency Motion for Expedited Consideration and Hearing on Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order was sent electronically to counsel for Defendant listed below:

Peter S. Smith
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

_____/s/_____
David A. Branch

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARCIA H. STODDARD**                )<br>**1602 Dickens Place**                     )<br>**Upper Marlboro, MD 20744**          )<br>　　　　　　　　　**Plaintiff,**      )<br>　　　　　　　　　　　　　　　　)<br>　　　　**v.**　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>**MICHAEL CHERTOFF, Secretary,**   )<br>**U.S. Department of Homeland Security,** )<br>**Washington, D.C. 20528**            )<br>　　　　　　　　　**Defendant.**    )<br>　　　　　　　　　　　　　　　　) | **Civil Action No.: 07-1643 (GK)** |

**O R D E R**

　　　　Upon Consideration of Plaintiff's Emergency Motion for Expedited Consideration and Hearing on Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order, and Opposition thereto and any reply, it is

　　　　ORDERED that the motion be and hereby is granted.  A  hearing in this matter is scheduled for _____.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　U.S. District Court Judge

<u>Copies to:</u>

David A. Branch
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW #690
Washington, D.C.  20009

Peter S. Smith
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCIA H. STODDARD** ) | |
| **1602 Dickens Place** ) | |
| **Upper Marlboro, MD 20744** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.: 07-1643 (GK)** |
| ) | |
| **MICHAEL CHERTOFF, Secretary,** ) | |
| **U.S. Department of Homeland Security,** ) | |
| **Washington, D.C. 20528** ) | |
| **Defendant.** ) | |

## PLAINTIFF'S COMBINED MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

The Plaintiff Marcia H. Stoddard, by and through her attorneys, hereby moves this Court, pursuant to Local Rule 65 and the Federal Court Rules of Civil Procedure:

1.    To issue a temporary restraining order:

a.  restraining the Defendant from removing the Plaintiff from her position as IT Specialist, GS-2210-13; and

b.  directing the Defendant to remove Plaintiff from administrative leave and permit her to return to work pending the outcome of this matter;

2.    To issue a preliminary injunction:

a.  restraining the Defendant from removing the Plaintiff from her position as IT Specialist, GS-2210-13

b.  directing the Defendant to remove Plaintiff from administrative leave and permit her to return to work pending the outcome of this matter; and

1

c.    restraining the Defendant from continuing to retaliate against Ms. Stoddard

pending the final hearing and determination of this action.

The grounds for this motion, as are more fully and completely set forth in the attached

Memorandum of Points and Authorities, and the attached declaration of Ms. Stoddard.

This motion is based on these Motion papers and the accompanying Memorandum of

Points and Authorities, the attached declaration of Ms. Stoddard, as well as the complaint and all

other papers and records on file in this action, together with any argument or evidence that may

be presented at the hearing on this motion.  Plaintiff certifies that he sought the consent of the

Defendant DHS to this motion and Defendant did not respond with his position before this

motion was filed.

### **Certificate of Counsel**

I hereby certify this 20th day of September 2007, that actual notice of the filing of the
Emergency Motion for Expedited Consideration and Hearing on Plaintiff′s  Motion for
Preliminary Injunction and Motion for Temporary Restraining Order at 11:00 am, and the
following pleadings were served, Plaintiff′s Complaint, Emergency Motion for Expedited
Consideration and Hearing on Plaintiff′s  Motion for Preliminary Injunction and Motion for
Temporary Restraining Order and Order, Plaintiff′s  Motion for Preliminary Injunction and
Motion for Temporary Restraining Order and Order, Exhibit A (Plaintiff′s Declaration) Exhibit
B (Settlement Agreement), Exhibit C (Notice of Proposed Removal) and Exhibit D (Official
Reprimand for AWOL) was sent electronically to counsel for Defendant listed below:

Jeffrey Taylor, U.S. Attorney District of Columbia
Peter S. Smith, AUSA
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

Dated: September 20, 2007

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCIA H. STODDARD** ) | |
| **1602 Dickens Place** ) | |
| **Upper Marlboro, MD 20744** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **MICHAEL CHERTOFF, Secretary,** ) | |
| **U.S. Department of Homeland Security,** ) | |
| **Washington, D.C. 20528** ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S COMBINED MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION

The Plaintiff, Marcia Stoddard, by and through her attorney, hereby submits his

Memorandum of Points and Authorities in support of the Plaintiff's motion, pursuant to Local

Rule 65 and the Federal Court Rules of Civil Procedure: (1) To issue a temporary restraining

order: (a) restraining the Defendant from removing Ms. Stoddard from her position with the

Agency and (b) directing the Defendant to remove Plaintiff from administrative leave and permit

her to return to work pending the outcome of this matter; (2) To issue a preliminary injunction:

(a) restraining the Defendant from removing Ms. Stoddard from her position with the Agency;

(b) directing the Defendant to remove Plaintiff from administrative leave and permit her to return

to work pending the outcome of this matter; and (c) restraining the Defendant from continuing to

retaliate against Ms. Stoddard pending the final hearing and determination of this action.

3

I.    **Relevant Factual Background**

Ms. (Cleveland) Stoddard is an African American female, fifty years of age and with 32 years of federal service. Ex. A:1 (paragraph).   Ms. Stoddard  filed a complaint against the Defendant alleging, among other things, discrimination in employment based on her race.  See Cleveland v. Chertoff Civil Action No. 05-1709 (GK).  Ex. B.  One of the allegations made by Ms. Stoddard was that for a period of almost two years leading up to and including the time of her complaint in court, she was not given any substantive work at the Agency.  The parties entered into settlement discussions and on December 1, 2006, the parties filed a Stipulation of Settlement and Dismissal.  Ex. B.  The Settlement Agreement provided, among other things that Ms. Cleveland would be transferred to an IT  Specialist position in the Student and Exchange Visitor Information System Program (SEVIS); that she would receive technical direction from Robert Wilmore; that her first line supervisor would be Paul Martindale and that she would be permitted to telecommute one day each week beginning with her lateral transfer.  Id. at 4-5 (page).    The Defendant also agreed to provide monetary compensation to Ms. Cleveland and pay her legal fees.

In December 2006, after execution of the Settlement Agreement, Ms. Stoddard was transferred to an IT  Specialist position in the Student and Exchange Visitor Information System Program (SEVIS) and worked under the supervision of Paul Martindale.  Ex. A: 3.  Ms. Stoddard immediately informed her new supervisor that pursuant to the Settlement Agreement, she was entitled to telecommute one day each week.  Id.  Martindale informed Ms. Stoddard that he was aware of the prior EEO complaint and settlement of that complaint but he would not approve her

request to telecommute.  Id.  On December 15, 2006, Ms. Stoddard was charged nine hours of

AWOL when she attempted to telecommute one day as permitted by the Settlement Agreement.

Id.; Ex. D.

      Since December 2006, Ms. Stoddard has not received any SEVIS training and has not

received any technical direction from Robert Wilmore. Id. at 4-5.  On February 1, 2007, Ms.

Stoddard was issued a Letter of Reprimand for being placed on AWOL on December 15, 2006.

Id.   The Letter of Reprimand has been field in her Official Personnel Folder, also known as e-

OPF for two years.   In March 2007,  all SEVIS work was taken away from Ms. Stoddard and

given to Robert Wilmore.  Id.  On April 2, 2007, Ms. Stoddard notified the Agency that it was in

violation of the prior Settlement Agreement.  On May 31, 2007, the Agency notified Ms.

Stoddard that the district court retained jurisdiction over any claim of breach of the settlement

agreement, and she had to file a new EEO complaint for any actions not covered by the

settlement agreement.  Id.  On June 8, 2007, Ms. Stoddard filed a new administrative complaint

of discrimination at the Agency.  Id.  On June 5 and 6, 2007, Ms. Stoddard was charged 18 hours

of AWOL after she was subpoenaed for court for June 5 and 6, 2007.  Id.   On June 21, 2007,

Ms. Stoddard was placed on AWOL for 2.25 hours after she called in to inform the Acting

Supervisor Eric Simpson that she would be coming in approximately 2 ½ hours late.  Id.  In June

2007, Ms. Stoddard was required to email her supervisor each work day to inform him what she

planned to accomplish that day and email him at the end of each day to advise him what she

accomplished that day.  Id.  On August 7 through August 11, 2007, Ms. Stoddard was suspended

from work, for late arrival at a meeting and she was suspended again August 13 through 27 for

taking leave for a court appearance, and issued a notice of proposed termination upon her return

to work on August 28, 2007 and placed her on administrative leave and barred her from the premises. Id.; Ex. C. The proposal to remove is because the Agency claims she reported to work 2:25 hours after her official start time on one occasion, she did not provide a daily status report on two occasions and her supervisor concluded she did not complete enough work during a three week period. Id.

The Agency's decision to place Ms. Stoddard on administrative leave and bar her from the premises indicates that the Agency has already determined before receiving her response to the proposed removal that it is going to terminate her employment and she will not return to the Agency.

It is clear that the Agency has violated material terms of the Settlement Agreement and retaliated against Ms. Stoddard, and that the Agency intention in executing the Settlement Agreement was to place her under a supervisor where she could be removed from employment.

## II.    <u>Argument</u>

> <u>**This Court Should Grant the Plaintiff's Motion for a Temporary Restraining Order and for a Preliminary Injunction Because the Plaintiff Has Demonstrated a Likelihood of Success on the Merits, That Ms. Stoddard Will Suffer Irreparable Harm if the Injunctive Relief is Not Granted, That No Other Party Will Suffer Substantial Harm if the Injunctive Relief is Granted, and that the Public Interest Favors Granting the Relief Sought Herein**</u>

The Plaintiff seeks a temporary restraining order ("TRO") and a preliminary injunction against the Defendant to restrain the Defendant from removing Ms. Stoddard from her position with the Agency.

A temporary restraining order ("TRO") serves "to preserve the status quo for a limited period of time until the Court has the opportunity to pass on the merits of the demand for a

preliminary injunction,"[1] and "to prevent imminent harm [to the movant] until a hearing on the request for a preliminary injunction may be held."[2]

The "traditional four-part test for injunctive relief applies to both an application for a TRO and to an application for a preliminary injunction,[3] and it requires that the movant show: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will result in the absence of the requested relief; (3) other interested parties will not suffer substantial harm if the injunction is granted, and ; (4) that the public interest favors entry of a preliminary injunction."[4]

The court must balance these four factors, and "[a] court may balance weakness in one or more of the four factors against a particularly strong showing in one of the other factors," and therefore "injunctive relief 'may be justified ... where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable harm.'"[5]

At the TRO stage (as opposed to the preliminary injunction stage), even in the absence of such a "traditional" showing, a TRO's short duration, along with a showing of imminent harm

---

[1]Barrow v. Graham, 124 F.Supp.2d 714, 715-16, 2000 U.S. Dist. LEXIS 19007, **5-6 (D.D.C. 2000), citing Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1125 (2d Cir. 1989); Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982).

[2]Id., 124 F.Supp.2d at 716, 2000 U.S. Dist. LEXIS 19007 at **5 (citation omitted).

[3]Id., 124 F.Supp.2d at 716, 2000 U.S. Dist. LEXIS 19007 at **5-6.

[4]Role Models America, Inc. v. White, 193 F.Supp.2d 76, 79-80, 2002 U.S. Dist. LEXIS 3081, **10.

[5]Id., 193 F.Supp.2d at 80, 2002 U.S. Dist. LEXIS 3081 at **11, quoting Cityfed Fin. Corp. v. Office of Thrift Supervision, 313 U.S. App. D.C. 178, 58 F.3d 738, 747 (other citation omitted).

and an absence of a contrary showing from a respondent may together justify the grant of a TRO to preserve the status quo.[6]

Here, the Plaintiff has made a sufficient showing to meet the legal standard for both a TRO and a preliminary injunction, and this Court should grant the Plaintiff's motion.

      1.       **Likelihood of success on the merits**

Here, after entering into a Settlement Agreement of a prior EEO complaint, the Defendant has breached material terms of the Settlement Agreement by: 1) charging Ms. Stoddard AWOL for telecommuting one day in December 2006 when the Settlement Agreement permitted her to telecommute one day each week; compare Ex. B at 4 with Exhibit D; 2) failing to provide her SEVIS training and technical direction from Robert Wilmore as required by the Settlement Agreement; compare Ex. A at 4 with Ex. B: 4; 3) removing all SEVIS when she was assigned to this program as part of the Settlement Agreement; id; 4) charging her AWOL when she was subpoenaed for court in June 2007; id; 5) treating her differently from other IT Specialists on the SEVIS Program by requiring her to email her supervisor every morning and evening to inform him what tasks she would work on each day and all tasks completed each day; Ex. A:5; 6) issuing her suspensions and proposed removal for minor work place issues such as arriving at work two hours after her start time; id.; 7) failing to provide notice of any performance deficiencies and an opportunity to correct before proposing removal; id.; and 8) placement on administrative leave and barring her from her place of employment after issuing her a proposal to remove her. Id.

---

     [6]Barrow v. Graham, 124 F.Supp.2d at 716, 2000 U.S. Dist. LEXIS 19007 at **5-6.

The Defendant's actions against Ms. Stoddard violate the Settlement Agreement and are clearly discriminatory and retaliatory and utterly without any basis in fact.  The Settlement Agrerment provides that Ms. Stoddard can telecommute one day, but when she attempted to telecommute, she was charged AWOL, and issued an official reprimand which was placed in her personnel file.  The Settlement Agreement provides that Ms. Stoddard was to be assigned to the SEVIS program and receive technical direction from Robert Wilmore.  The Agency removed all SEVIS work from Ms. Stoddard and has not provided technical direction from Wilmore.  The Agency has not carried out its obligations under the Settlement Agreement in good faith because it has charged Ms. Stoddard with AWOL when she was subpoenaed for court in June 2007; treated her differently from other IT Specialists on the SEVIS Program by requiring her to email her supervisor every morning and evening to inform him what tasks she would work on each day and all tasks completed each day; issued her suspensions and proposed removal for minor work place issues such as arriving at work two hours after her start time on a single day; failed to provide notice of any performance deficiencies and an opportunity to correct before proposing removal; and placed her on administrative leave and barred her from her place of employment after issuing her a proposal to remove her.   There is absolutely no factual basis or legal authority for the Defendant's actions, and the actions are direct violations of the letter and spirit of the Settlement Agreement.  Ms. Stoddard has demonstrated a very strong likelihood of success on the merits with regards to the illegality of the Defendant's actions.  This Court should grant his motion.


**2.**      **Irreparable injury in the absence of the requested relief**

The second prong of the "traditional four-part test" requires that the movant demonstrate that he will suffer irreparable harm if the equitable relief is not granted. Irreparable injury is a sine qua non; without a showing of irreparable injury—even a "relative slight showing"—a court will not grant injunctive relief.[7]

Ms. Stoddard will be removed from her position with the federal government after 32 years of federal service by the Defendant if the court does not intervene and issue the temporary restraining order and preliminary injunction. Ms. Stoddard's income is the primary income supporting her household. Without Ms. Stoddard's income, her family will not be able to pay its bills on time (or at all) and buy the necessities the family requires to sustain itself. She faces financial disaster without the income from her position with the Defendant. Ms. Stoddard will be irreparably harmed, even should she prevail and obtain a judgment against the Defendant in this action, if this Court does not restrain the Defendant and prevent it from carrying through with these discriminatory and retaliatory, unlawful acts.

Ms. Stoddard has demonstrated that she will suffer irreparable harm if the relief she seeks in this motion is not granted.

### 3.    Other interested parties will not suffer substantial harm if the injunction is granted

If Ms. Stoddard's motion for a TRO and for a preliminary injunction are granted, the Defendant will have to refrain from removing her from federal service after twenty three years of federal service until the court addresses the motion for a preliminary injunction. No one will

---

[7] Role Models America, Inc. v. White, 193 F.Supp.2d 76, 80, 2002 U.S. Dist. LEXIS 3081, **11-12, quoting Cityfed Fin. Corp. v. Office of Thrift Supervision, 313 U.S. App. D.C. 178, 58 F.3d 738, 747 (D.C. Cir. 1995) (internal quotation omitted).

suffer any harm, let alone significant harm, if the Agency is required to refrain from removing Ms. Stoddard from federal service.

Ms. Stoddard has demonstrated that no other interested party will suffer significant harm if this Court grants her the injunction he seeks in this motion.

### 4.    The public interest favors a grant of injunctive relief

The Defendant's actions against Ms. Stoddard after she settled her prior complaint are noted above. The public interest requires the protection of women like Ms. Stoddard, who are brave enough to step forward and combat discrimination when they encounter it.

Although preserving the status quo would require the Defendant to refrain from removing Ms. Stoddard from her federal position and return her from administrative leave, that is the Defendant's own doing.  Ms. Stoddard entered into a Settlement Agreement in good faith and has attempted to complete her work, but the Agency has breached material terms of the Settlement Agreement and has not allowed her to perform her newly assigned duties and does not intend to do so.  A clear example is there is no justification for placing an employee on administrative leave  and barring her from the premises before she has an opportunity to respond to proposed discipline.   It is the Defendant's unlawful, irrational, retaliatory and discriminatory actions that resulted in Ms. Stoddard being proposed for removal.

It is clearly in the public interest for this Court to grant Ms. Stoddard the injunctive relief he seeks.

**III.**     <u>**Conclusion**</u>

Ms. Stoddard has demonstrated that she is likely to succeed on the merits, that she will suffer irreparable harm if injunctive relief is not granted, that no other party will suffer significant harm if the injunctive relief is granted, and that the public interest favors enjoining the Defendant.  This Court should grant Ms. Stoddard's motion.

Respectfully submitted,

By:    _____/s/_____
David A. Branch #438764
Law Office of David A. Branch, P.C.
1825 Connecticut Avenue, NW #690
Washington, D.C.  20009
   (202) 785-2805
Attorney for Plaintiff


## Certificate of Counsel

I hereby certify this 20th day of September 2007, that actual notice of the filing of the Emergency Motion for Expedited Consideration and Hearing on Plaintiff's  Motion for Preliminary Injunction and Motion for Temporary Restraining Order at 11:00 am, and the following pleadings were served, Plaintiff's Complaint, Emergency Motion for Expedited Consideration and Hearing on Plaintiff's  Motion for Preliminary Injunction and Motion for Temporary Restraining Order and Order, Plaintiff's  Motion for Preliminary Injunction and Motion for Temporary Restraining Order and Order, Exhibit A (Plaintiff's Declaration) Exhibit B (Settlement Agreement), Exhibit C (Notice of Proposed Removal) and Exhibit D (Official Reprimand for AWOL) was sent electronically to counsel for Defendant listed below:

Jeffrey Taylor, U.S. Attorney District of Columbia
Peter S. Smith, AUSA
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530


## Certificate of Service

I hereby certify this 20th day of September 2007, that a copy of the foregoing Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order was sent electronically to counsel for Defendant listed below:

Peter S. Smith
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division

13

555 4th Street, N.W.
Washington, D.C. 20530

_____/s/_____
David A. Branch

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARCIA H. STODDARD** ) | |
| **1602 Dickens Place** ) | |
| **Upper Marlboro, MD 20744** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.: 07-1643 (GK)** |
| ) | |
| **MICHAEL CHERTOFF, Secretary,** ) | |
| **U.S. Department of Homeland Security,** ) | |
| **Washington, D.C. 20528** ) | |
| **Defendant.** ) | |

**O R D E R**

Upon Consideration of Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction and Opposition thereto and any reply, it is

ORDERED that the motion be and hereby is granted.

_____
U.S. District Court Judge

Copies to:

David A. Branch
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW #690
Washington, D.C.  20009

Peter S. Smith
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

# Exhibit A

**(Sworn Declaration of Marcia (Cleveland) Stoddard**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCIA H. STODDARD** ) | |
| **1602 Dickens Place** ) | |
| **Upper Marlboro, MD 20744** ) | |
| **Plaintiff,** ) | |
| ) | |
| v.                          ) | **Civil Action No.:** |
| ) | |
| **MICHAEL CHERTOFF, Secretary,** ) | |
| **U.S. Department of Homeland Security,** ) | |
| **Washington, D.C. 20528** ) | |
| **Defendant.** ) | |
| ) | |

### Sworn Declaration of Marcia H. Stoddard

I, Marcia H. Stoddard, the Plaintiff in this lawsuit, hereby make the following declaration pursuant to the provisions of 28 U.S.C. Sec. 1746. I understand that this declaration is the equivalent of an affidavit. The statements contained herein are based on my personal knowledge.

1.    I am an African American female, fifty years of age and with 32 years of federal service.

2.    I previously filed a complaint against the Defendant alleging discrimination in employment based on race, among other claims. See Cleveland v. Chertoff Civil Action No. 05-1709 (GK). One of the allegations I made was that for a period of almost two years I was not given any substantive work at the Agency, which continued through the time that I filed and resolved that complaint. The parties entered settlement discussions and on December 1, 2006, the parties filed a Stipulation of Settlement and Dismissal of Civil Action No. 05-1709. The Settlement Agreement provided, among other things, that I would be transferred to an IT Specialist position in the Student and Exchange Visitor Information System Program (SEVIS); that I would receive technical direction from

Robert Wilmore; that my first line supervisor would be Paul Martindale and that I would be permitted to telecommute one day each week, beginning with the lateral transfer into the new position. The Defendant also agreed to provide me monetary compensation and pay my legal fees.

3.      After execution of the Settlement Agreement, I was transferred to an IT Specialist position in the Student and Exchange Visitor Information System (SEVIS) Program and worked under the supervision of Paul Martindale. I immediately informed my new supervisor that pursuant to the Settlement Agreement, I was entitled to telecommute one day each week. Martindale informed me that he was aware of the prior EEO complaint and settlement of that complaint. On December 15, 2006, I was charged nine hours of AWOL when I attempted to telecommute one day as permitted by the Settlement Agreement. I was later issued an official reprimand for this AWOL charge and this was placed in my official personnel file for two years.

4.      Since December 2006, I have not received any SEVIS training and have not received any technical direction from Robert Wilmore. In March 2007, all SEVIS work was taken away from me and given to Robert Wilmore. On April 2, 2007, I notified the Agency that it was in violation of the prior Settlement Agreement. On May 31, 2007, the Agency notified me that the district court retained jurisdiction over any claim of breach of the settlement agreement, and I had to file a new EEO complaint for any actions not covered by the settlement agreement. On June 8, 2007, I filed a new complaint of discrimination at the Agency. On June 5 and 6, 2007, I was charged 18 hours of AWOL after I was subpoenaed for court for June 5 and 6, 2007. On June 21, 2007, I was placed on AWOL for 2.25 hours after I called in to inform the Acting Supervisor Eric Simpson

2

that I would be coming in to work approximately 2 ½ hours late.  In June 2007, I was required to email my supervisor each work day to inform him what I planned to accomplish that day and email him at the end of each day to advise him what I accomplished that day.  I was the only IT Specialist required to do this.  On August 7 through August 11, 2007, I was suspended from work, for late arrival at a meeting and I was suspended again August 13 through 27 for taking leave for a court appearance.  I was issued a notice of proposed termination upon my return to work on August 28, 2007 and placed on administrative leave and barred from the premises.    The proposal to remove is because the Agency claims I reported to work 2.25 hours after my official start time on one occasion, I did not provide a daily status report on two occasions and my supervisor concluded I did not complete enough work during a three week period.

5.       I believe the Defendant has breached material terms of the Settlement Agreement and retaliated against me for filing the prior EEO complaint.

Further declarant saith not.

3

I hereby certify under penalty of perjury that the forgoing statements contained in my affidavit are true and correct.

Marie H. Stoddard   9-14-2007

Marc a H. Stoddard      9/14/07

# Exhibit B

**(Settlement Agreement Cleveland v. Chertoff, No 05-1709 (GK))**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARCIA HUGHES CLEVELAND, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-1709 (GK) |
| MICHAEL CHERTOFF, Secretary, | ) |
| U.S. Department of Homeland Security, | ) |
| Defendant. | ) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

THIS STIPULATION OF SETTLEMENT AND DISMISSAL is made this $\underline{1^{st}}$ day of
$\underline{December}$ , 2006, between Plaintiff in the above-captioned case, Marcia Hughes
Cleveland, and the Defendant, Michael Chertoff, in his official capacity as Secretary of the
United States Department of Homeland Security ("Secretary").

WHEREAS, Plaintiff, Ms. Hughes Cleveland, has brought suit in the United States
District Court for the District of Columbia, Civil Action No. 05-1709 (GK);

WHEREAS, the Secretary denies any liability to Ms. Hughes Cleveland in connection
with her allegations as raised in this litigation or in any underlying administrative proceeding;
and

WHEREAS, the parties wish to resolve the disputes that are the subject of this civil
action without the expense and burden of further litigation;

NOW THEREFORE, Ms. Hughes Cleveland and the Secretary, intending to be legally
bound, hereby enter into the following Stipulation of Settlement and Dismissal ("Stipulation"):

1. This Stipulation of Settlement is entered into by and between Ms. Marcia Hughes

Cleveland ("Plaintiff") and Michael Chertoff, Secretary of Homeland Security ("Defendant") to make full and final settlement of any and all matters raised, or which could have been raised, by Plaintiff in this action. Plaintiff agrees to accept the terms set forth herein in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature based upon her employment with the Defendant up to the date Plaintiff signs this Stipulation of Settlement, including but not limited to the claims asserted in the above-styled action. In particular, and without limitation, this settlement shall include all possible claims for damages, backpay, front pay, and other equitable relief by Plaintiff against Defendant, and claims for attorney's fees and costs incurred by Plaintiff in connection with the administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised, or which could have been raised, in this action.

2.    In order to resolve the matters in dispute without further administrative processes, litigation, expense, and delay, Plaintiff and Defendant agree as follows:

a.    By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, the above-styled complaint of discrimination. This Stipulation of Settlement constitutes the full, final, and complete relief that Plaintiff may have for the conduct alleged in this civil action. In addition, Plaintiff agrees not to institute any other actions, charges, complaints, appeals, or other proceedings against the Defendant, with respect to any matter which arose or could have arisen and been brought in connection with the allegations covered by this Agreement, under Federal law, Federal or State statutes, or the Constitution of the United States or of a State, in either a Federal or State Court or administrative forum;

b.    By signing this Stipulation of Settlement, Plaintiff withdraws, with prejudice, all

2

other actions, charges, complaints, and appeals against the Defendant and his present
or former employees or officers that are before this Court, the Equal Employment
Opportunity Commission, or any other forum;

c.  Notwithstanding (f) below, by signing this Stipulation of Settlement, Plaintiff
unconditionally releases the Defendant and his present and former employees, officers,
agents, representatives, and all persons acting by, through, or in concert with any of those
individuals, either in their official or individual capacities, for any and all liability which
has arisen from the occurrences which are the subject matter of Plaintiff's complaint in
this matter, or any other pending, existing, or putative cause of action against the
Defendant of any sort whatsoever;

d.  By signing this Stipulation of Settlement, Plaintiff agrees to execute any and all
other documents necessary to implement and effectuate the provisions of this Stipulation of
Settlement;

e.  Plaintiff acknowledges that by virtue of this Stipulation of Settlement, Plaintiff is
waiving rights and claims under various Federal laws, including, but not limited to, Title
VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq., with respect to her
underlying complaint;

f.  Plaintiff does not waive any rights or claims that may arise after the date on which
this Stipulation of Settlement is signed;

g.  In consideration for the promises made herein, the Defendant will pay Plaintiff, Ms.
Marcia Hughes Cleveland, the sum of $50,000 (fifty thousand dollars).  Defendant also will
pay Plaintiff's attorney, David A. Branch, the sum of $37,000 (thirty-seven thousand

3

dollars), which includes any costs, attorney's fees and expenses incurred by Plaintiff and her counsel in connection with this matter.

h.      Plaintiff will direct all inquiries from prospective employers to the Deputy Chief Information Office ("Deputy CIO"), Keith Jones, (or whoever may be acting in his place or may succeed him), Office of the Chief Information Officer, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, 801 I Street, N.W., Suite 700, Washington, DC, 20536, telephone (202) 732-2000. The Deputy CIO will respond to all employment inquiries, either verbally or in writing, by providing the dates of the Plaintiff's employment with U.S. Immigration and Customs Enforcement and the former Immigration and Naturalization Service, the positions held by Plaintiff and the performance ratings of record for the Plaintiff during her employment with U.S. Immigration and Customs Enforcement and the former Immigration and Naturalization Service. The Deputy CIO will provide no further information. It shall be the sole responsibility of the Plaintiff to direct prospective employers to the Deputy CIO or his successor or whoever may be acting in his absence.

i.      Defendant will laterally transfer Ms. Hughes Cleveland to an IT Specialist position within the ICE CIO's Office involving the Student and Exchange Visitor Information System ("SEVIS"). This Agreement will not change Ms. Hughes Cleveland's current grade level, pay and Federal employment benefits. In this position, Ms. Hughes Cleveland will receive technical direction from Robert Wilmore, Team Lead for the SEVIS Project. At the time of signing this Settlement Agreement, Plaintiff's first line supervisor will be Paul Martindale, Branch Director, FPS-SEVP Branch. Mr. Martindale reports to the

4

Director, System Development Division.

j.      Pursuant to this Agreement, Defendant will allow Ms. Hughes Cleveland to telecommute one day per five-day work week for a trial period of six months starting from the date of Ms. Hughes Cleveland's lateral transfer to the FPS-SEVP Branch. This trial telecommuting arrangement will in all respects comply with and be governed by the Department of Justice's telecommuting policies and regulations. Defendant is in the process of establishing its own telecommuting policies, and once those policies are adopted and implemented, Ms. Cleveland's telecommuting arrangement will need to comply with, and will be governed by, Defendant's telecommuting policies and regulations.

3.      This Stipulation of Settlement shall not constitute or be construed as an admission of liability or fault on the part of the Defendant or his officers or employees and is entered into by both parties for the purpose of compromising disputed claims and avoiding the expense and risk of further litigation.

4.      This Stipulation of Settlement may be used as evidence in a subsequent proceeding in which either of the parties allege a material breach of this Agreement. Plaintiff hereby agrees to indemnify and hold Defendant harmless from and against any and all loss, cost, damages or expenses including, without limitation, attorney fees incurred by the Defendant arising out of any breach of this Settlement Agreement by Plaintiff.

5.      Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this Stipulation of Settlement to her and been provided sufficient time for this purpose.

6.      Plaintiff acknowledges that she has entered into this Stipulation of Settlement voluntarily and that the Defendant has not imposed any undue hardship, duress, or coercion in connection

5

with execution of this document.

7.      This Stipulation of Settlement entered into by the Defendant and Plaintiff together sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof. This document cannot be altered, modified, withdrawn, rescinded, or supplemented in any manner after the date on which it is approved by the Court, unless mutually agreed in writing by the parties. Plaintiff and Defendant agree that neither party is bound by any representation, promise or inducement not set forth in this Agreement. This Agreement is a joint product and shall not be construed against either party on the grounds of sole authorship.

8.      This Stipulation of Settlement shall be binding upon Plaintiff, as well as Plaintiff's heirs, assigns, representatives, proxies, guardians, or any other person or entity acting on behalf of, or at the behest of, Plaintiff.

9.      Plaintiff expressly agrees not to use this Stipulation of Settlement, nor to permit any other person to use it, in any judicial or administrative proceeding as evidence of, or to attempt to prove the existence of, discrimination/reprisal or other adverse action or prohibited personnel practice, or in any other manner, except as provided by paragraph 4.

10.     Each of the respective rights and obligations of the parties hereunder shall be deemed independent and may be enforced independently irrespective of any other rights and obligations set forth herein.

11.     In case any provision of this Agreement should be held to be contrary to, or invalid under, the law of any country, state or other jurisdiction, such illegality or invalidity shall not affect in any way other provisions thereof, all of which shall continue, nevertheless, in full force

6

and effect; any provision which is held to be illegal or invalid in any country, state or other

jurisdiction shall, nevertheless, remain in full force and effect in a country, state or jurisdiction in

which such provision is legal and valid.

12.    Execution of this stipulation shall constitute a dismissal of this action, with prejudice,

pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

Plaintiff hereby executes this Stipulation of Settlement, acknowledging that its terms and

conditions have been fully understood, that an adequate period of time has been afforded to

allow for consideration of said terms and conditions, and that an opportunity has been afforded

to consult with counsel.

Respectfully submitted,

MARCIA HUGHES CLEVELAND
Plaintiff

DAVID A. BRANCH
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W. #690
Washington, D.C. 20009
Counsel for Plaintiff

JEFFREY A. TAYLOR
United States Attorney
D.C. BAR No. 498610

RUDOLPH CONTRERAS
Assistant United States Attorney
D.C. BAR No. 434122

PETER S. SMITH
Assistant United States Attorney
D.C. Bar No. 465131
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0372

Counsel for Defendant

7

# Exhibit C

**(8/22/07 Notice of Proposed Removal of Marcia Stoddard)**



Office of the Chief Information Officer
U.S. Department of Homeland Security
8 11 Street, NW
Washington DC 20536

U.S. Immigration
and Customs
Enforcement

Date:        August 22, 2007

To:          Marcia H. Stoddard
             IT Specialist

From:        Paul Martindale, PMP
             Director, EPS SEV PH Systems Branch

Subject:     Proposed Removal

In accordance with the provisions of 5 U.S. Code, Chapter 75, this is advance notice that I propose to
remove you from your position of IT Specialist, GS-2210-13 and Federal Service. This proposal is
being made for just and sufficient cause and to promote the efficiency of the service. This action, if
found warranted, will take place no earlier than thirty (30) calendar days from the date you receive this
notice. This proposal is based on the following:

### Reason 1:  ABSENCE WITHOUT LEAVE (AWOL) – TARDY ARRIVAL FOR DUTY

**Specification.**  On Thursday, June 21, 2007, you did not report for duty by your starting time of 9:00
am. You did not arrive at work until 11:25 am. You did not have approval or request approval of a
supervisor to come in late.

### Reason 2:  FAILURE TO FOLLOW LEAVE PROCEDURE

**Specification.**  On Thursday, June 21, 2007, you did not follow proper leave procedures. You did not
request leave in advance and did not call your supervisor to request leave for a medical or other
emergency.

### Reason 3:  MISREPRESENTATION ON SIGN IN – SIGN OUT SHEET

**Specification.**  On Thursday, June 21, 2007, you reported for duty at 11:25 am and did not accurately
record your actual arrival time at the office on the sign in – sign out sheet.

### Reason 4:  FAILURE TO FOLLOW SUPERVISORY INSTRUCTIONS

**Specification 1.**  Your telework agreement requires that you notify your supervisor of measurable
work products planned and activities accomplished for each day spent working from home. This
requirement was reiterated in a meeting on April 25, 2007, again in a meeting on May 22, 2007, and
also in my letter provided to you on June 21, 2007. Despite the reiteration, you did not follow these

SUBJECT: Proposed Removal
Page 2

instructions for the telework day on Friday, June 22. You did not provide a report of planned activities prior to the start of the telework period.

**Specification 2.** You were directed to provide a weekly report of the status on assigned projects to your supervisor each Wednesday (or the next work day, if off on Wednesday). You did not follow the instruction to provide a timely weekly status report on Wednesday, June 20.

**Specification 3.** Due to your routine lack of demonstrated accomplishment of assigned work, on June 1, 2007, I directed you to provide a daily report on work planned and work accomplished. You were reminded of the requirement on June 13. You did not follow these instructions on June 20.

**Specification 4.** You did not follow the instructions to provide a daily report on work planned and work accomplished on June 21.

**Specification 5.** You did not follow the instructions to provide a daily report on work planned and work accomplished on June 25.

**Specification 6.** On June 25, 2007, you contacted contractor personnel and asked them to perform compensable tasks without supervisory approval, contrary to supervisory instructions of May 17 which you acknowledged receiving in an email on June 21.

## Reason 5: NEGLECT OF DUTY

**Specification 1.** Your work assignments were discussed with you on May 22, 2007. However, you accomplished little in the next three weeks. On June 11, 2007, you were sent a summary of your assignments and directed to provide dates, additional deliverables or outcomes by June 15, 2007. You did not comply with that directive during the week of June 18 – 22, 2007.

**Specification 2.** You were assigned to work on the Program Management Review (PMR) for the Student Exchange Visitors Program (SEVP) and the Federal Protective Service (FPS) program. This assignment was discussed in detail at a meeting with you on May 22, 2007. Instead of performing the work on the PMRs yourself, you attempted on several occasions to have a co-worker (Eric Simpson), contractors (SAIC, SYTEL EDS), and customers (Denise MacIvre-Smith and James Farr, SEVP) perform the work you were assigned to complete on the PMR's. You requested and were provided detailed guidance from me on expectations and requirements for risk management and performance measures. Your position as an IT Specialist requires that you perform complete and timely analysis, and your failure to provide meaningful results and input for the PMR's was negligent, as you had ample time to perform the requested data gathering and creation of the PMR's, and you failed to undertake this task with the care and diligence required by your position. The input provided for risk and performance measures were so generic that they could apply to almost any IT system or set of systems.

SUBJECT: Proposed Removal
Page 3

**Specification 3.** On the morning of June 21, 2007, you were requested to review and provide comments, by the close of business, regarding the SEVIS OMB Exhibit 300. However, the comments that you provided were so generic and basic as to be of no use to the branch. Your position as an IT Specialist requires that you perform complete and timely analysis, and your failure to provide meaningful comments regarding the Exhibit 300 was negligent, as you had ample time to perform the requested review and provide comments, and you failed to undertake this task with the care and diligence required by your position.

**Specification 4.** Despite being clearly told of multiple assignments on May 22, 2007, and not having completed them by June 22, 2007, your June 22, 2007, 10:19 pm email does not document the completion of projects that would fill an entire day of work.

In determining the proposed penalty, I considered that on February 1, 2007 you received an official reprimand for absence without leave and that on June 29, 2007 you received a five day suspension for disruptive and unprofessional conduct. On August 9, 2007, you received a fourteen day suspension based on further misconduct. Your continued misconduct has impacted the effectiveness of the FPS SEVP IT Systems Branch in accomplishment of day-to-day work involving support to our customers. I considered the penalty table currently in use and determined that a lesser penalty would not promote the efficiency of the service. This is clear by the fact that you continue to engage in the same or similar misconduct despite being on clear notice that it is unacceptable.

I also consider your misrepresentation of your time on the sign-in/sign-out sheet on June 21, 2007, to be very serious. In addition, in proposing your removal, I considered your performance and the fact that your conduct has negatively impacted your performance. I no longer have confidence in your ability to perform the duties of your position, and question your honesty and ability to follow instructions. Finally, given that you continue to engage in misconduct and that previous disciplinary actions seem to have not altered or changed your conduct, I do not believe there is potential for your rehabilitation.

This notice is a proposal and not a decision. You have the right to reply to this proposal orally and/or in writing, and furnish any evidence, including medical documentation, in support of your reply within ten (10) calendar days after the date you receive this proposal. Consideration may be given to extending this time limit if you submit a written request stating your reasons for needing more time. Your written reply and any affidavits or other supporting documents should be sent to the Deciding Official, Mr. William S. McElhaney, Director, Systems Development Division, Office of Chief Information Officer, 801 I Street, NW, Suite 626, Washington, DC 20536. You may make arrangements for an oral reply by contacting Mr. McElhaney at (202) 732-7700.

You have the right to be represented by an attorney or other representative of your choice in preparing and presenting any reply. If you choose to have a representative, you must provide your

SUBJECT: Proposed Removal
Page 4

representative's name in writing to Ms. Carol Rice, U.S. Immigration and Customs Enforcement, Headquarters Office of Human Resources, Employee and Labor Relations, Room 2214, 425 I Street, NW, Washington, DC 20536, identifying that person as your representative. Your representative may be disallowed if the representation creates a conflict between the interest or position of the representative and that of the OCIO or, where the representative is an OCIO employee whose release from his or her official position would give rise to unreasonable costs or whose work assignments preclude his or her release.

You will be placed on administrative leave, effective at the end of the fourteen (14) day suspension, currently being served. You will remain on administrative leave until further notice. You may review the material relied upon to support the reason for the proposed suspension, furnish affidavits and other documentary evidence, and prepare and present your written and/or oral reply. The material relied up in that supports this proposal is attached.

If you have any questions concerning this notice, your rights, or the procedures regarding this action, you may contact the Headquarters Immigration and Customs Enforcement Employee and Labor Relations Office, Ms. Carol Rice, 202-616-2342 (voice or email) at any time.

If you need assistance in dealing with any personal matters, the Employee Assistance Program (EAP) is available to provide confidential counseling services. EAP can be reached by calling 1-800-222-0364.

Please sign the acknowledgement of receipt below. Your signature does not indicate agreement with this proposal and by signing, you do not forfeit any of your rights cited above. Your signature only represents your receipt of this notice on the date signed.

_____                                    _____
Paul Martindale                                              Date


Acknowledgement of Receipt:


_____                                    _____
Marcia H. Stoddard                                           Date

_____

_____
Witness' Signature                                           8/28/07

# Exhibit D

**(2/1/07 Reprimand for Telecommuting on 12/15/06)**

*Office of the Chief Information Officer*

U.S. Department of Homeland Security
801 I Street, NW
Washington, DC 20536



U.S. Immigration
and Customs
Enforcement

MEMORANDUM FOR:    Marcia Cleveland
                   IT Specialist

FROM:              Paul Martindale
                   Director, FPS/SEVP IT Systems Branch

SUBJECT:           Letter of Reprimand

The purpose of this memorandum is to officially reprimand you for absence without leave (AWOL) on Friday, December 15, 2006. You did not report to work that day and did not obtain my approval for your absence. When I contacted you at home and via e-mail on December 15th and requested that you report to work you indicated you were teleworking, but this had not been approved in advance. DHS teleworking policy requires a signed agreement and approval from your supervisor to work outside of the office. I had provided you a copy of the policy and the telework agreement form on December 7, 2006, but we had not discussed, reviewed, or signed the agreement. I hope that this reprimand will impress upon you the seriousness of your actions and that future discipline will not be necessary. Future misconduct may lead to further and more severe disciplinary action, up to and including removal from the Federal service.

This reprimand will be placed in your Official Personnel Folder (OPF) for two years, during which it may be cited as a prior formal disciplinary action in any future disciplinary matter. However, I may decide to remove the letter prior to the expiration of the two year period, if there is no further misconduct. Once it is removed from your OPF, it may still be used as evidence that you were on notice about the conduct in question.

Within ten (10) days, you have the right to prepare and submit a concise statement (no more than two pages) of disagreement. The statement will be considered, and if appropriate, the letter of reprimand may be modified or withdrawn. If the letter of reprimand is not withdrawn, the statement of disagreement will be filed with the letter of reprimand in your Official Personnel Folder.

You have the right to contest this reprimand through one of the avenues outlined below. You may elect only one avenue and your election will be considered final on the date any appeal, dispute, or complaint is filed.

1.    You may file a grievance under the provisions of NINSC Agreement 2000. If you choose to file a grievance, it must be filed within twenty (20) calendar days of your receipt of this notice.

SUBJECT: Letter of Reprimand
Page 2

2.    If you believe this action resulted from prohibited discrimination based on race, color, religion, sex, national origin, physical or mental disability, age (40 or over), and/or because of participation in the Equal Employment Opportunity process, you may include this allegation when appealing to the MSPB or you may initiate a discrimination complaint by seeking pre-complaint counseling by contacting the ICE EEO complaint intake office at 949-360-3517. If you choose to contact the EEO office, you must do so within 45 calendar days of the effective date of this action.

If you have any questions concerning this notice, your rights, or the procedures regarding this action, you may contact Ms. Carol Rice, Headquarters Employee and Labor Relations Office at 202-514-9436 or carol.h.rice@dhs.gov.

If you need assistance in dealing with any personal matters, the Employee Assistance Program (EAP) is available to provide confidential counseling services. The EAP can be reached by calling 1-800-222-0364.

Please sign the acknowledgement of receipt below. Your signature does not indicate agreement with this reprimand, and by signing, you do not forfeit any of your rights cited above. Your signature only represents your receipt of this notice on the date signed.

_____          _____
Paul Martindale                                        Date   2/1/07


Acknowledgement of Receipt:

_____          _____
Marcia H. Cleveland                                   Date   2-1-07